UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEATING SKERRY,<br><br>Petitioner. | No. C-09-80070 MISC CRB (EMC)<br><br>**ORDER GRANTING PETITION'S EMERGENCY MOTION TO SHORTEN TIME; AND DENYING PETITIONER'S EMERGENCY PETITION FOR PRE-SUIT RECORD KEEPER DEPOSITION SUBPOENA ON FACEBOOK, INC.** |
| _____/ | |

Petitioner James Keating Skerry, proceeding pro se, has filed a verified petition pursuant to Federal Rule of Civil Procedure 27, asking for the Court to authorize a subpoena to perpetuate testimony. Ms. Skerry has asked for his request to be considered on an expedited basis. Having considered the papers submitted, the Court hereby **GRANTS** the request for expedited consideration but **DENIES** Mr. Skerry's petition on the merits.

## I. FACTUAL & PROCEDURAL BACKGROUND

In his verified petition, Mr. Skerry alleges as follows. Mr. Skerry is a resident of Massachusetts. *See* Pet. ¶ 1. On or about April 1, 2009, an application for a criminal complaint was issued, naming Mr. Skerry as the accused. "As a mere Application, no criminal case yet exists in Massachusetts," but a hearing has been scheduled for May 4, 2009. Pet. ¶ 2.

The application charges Mr. Skerry with having violated Massachusetts state law, more specifically, criminal harassment and threats to commit a crime. *See* Pet., Ex. 1 (application). Apparently, the application is based on the allegation that Mr. Skerry sent offensive messages to a

woman via his Facebook account. *See* Pet. ¶ 5 & Ex. 2 (e-mail from Mr. Skerry's attorney to Facebook).

Mr. Skerry is represented by counsel with respect to the application for a criminal complaint. On or about April 8, 2009, counsel sent an e-mail to Facebook asking for documents related to Mr. Skerry's account. *See* Pet., Ex. 2. Facebook sent an e-mail in response, indicating that it was creating a preservation order but that a formal subpoena was necessary before any documents would be produced. *See* Pet., Ex. 2 (e-mail exchange between Mr. Skerry's attorney and Facebook). Subsequently, Mr. Skerry, as a pro se litigant, filed the currently pending motion.

## II.   DISCUSSION

Mr. Skerry concedes that his request for relief is governed by Federal Rule of Civil Procedure 27. Rule 27(a) governs requests for a deposition to perpetuate testimony before an action is filed; Rule 27(b) governs requests for a deposition to perpetuate testimony pending an appeal. As indicated above, Mr. Skerry characterizes his request as a Rule 27(a) request.[1] *See* Pet. ¶ 2 ("As a mere Application, no criminal case yet exists in Massachusetts . . . .").

Under Rule 27(a),

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petitioner must be titled in the petitioner's name and must show:
>
> (A)   that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B)   the subject matter of the expected action and the petitioner's interest;
>
> (c)   the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D)   the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

---

[1] Mr. Skerry has also titled his petition as a request for a *pre-suit* deposition subpoena.

    (E)  the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

  Mr. Skerry has made some attempt to comply with the requirements of Rule 27(a) -- *e.g.*, his petition is verified, he has explained that a criminal action against him may be forthcoming, he has described the subject matter of the expected criminal action, and he has given at least some indication of the facts that he wants to establish through the proposed testimony and the reasons to perpetuate it. *See* Pet. ¶¶ 5, 8 (claiming that "someone has been improperly using [his] account to send offensive messages" and that he understands "Facebook periodically purges its system of information"). The problem for Mr. Skerry is that (1) it does not appear that any adverse party resides in this District, *see* Pet. ¶ 5 (indicating that offensive messages were sent to a woman in Massachusetts), and, more important, (2) it does not appear that Mr. Skerry seeks to perpetuate testimony "about any matter cognizable in a United States court." Fed. R. Civ. P. 27(a)(1).

  While "Rule 27 does not define the term 'cognizable in a United States court,' and courts differ over its meaning," there is still

> common ground that there must be some basis of federal jurisdiction. In other words, the petitioner must show that the contemplated action for which the testimony is being perpetuated will be a matter for which federal jurisdiction exists. For example, a personal injury lawsuit not presenting a federal question and for which diversity jurisdiction cannot be established is for the state courts and is not a matter "cognizable in a United States court."

6-27 Moore's Fed. Prac. -- Civ. § 27.10[1]. *See, e.g.*, *In re Nabors Loffland Drilling Co.*, 142 F.R.D. 295, 296 (W.D. La. 1992) ("'There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts.'"); *Petition of N.C.*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975) ("The petitioner State is unable even to demonstrate that the anticipated action will be within federal jurisdiction."). In the instant case, the expected criminal action is not a federal action but rather a state action.

///

### III. CONCLUSION

For the foregoing reasons, Mr. Skerry's request for issuance of a subpoena to perpetuate testimony is denied. The Court does not express any opinion as to whether or not Mr. Skerry may have a remedy available to him through the California state courts.

IT IS SO ORDERED.

Dated: April 20, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge